IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 NOV 15 P 2: 41

| | |
|---|---|
| PATRICIA WHEELES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:07CV1006-MEF |
| ) | |
| NELSON'S ELECTRIC MOTOR ) | |
| SERVICES, GARY NELSON, ) | |
| INDIVIDUALLY AND IN HIS ) | |
| OFFICIAL CAPACITY, LOUISE ) | |
| PARTIKA, INDIVIDUALLY AND IN ) | DEMAND FOR JURY TRIAL |
| HER OFFICIAL CAPACITY, AND ) | |
| RENEA MORGAN, INDIVIDUALLY ) | |
| AND IN HER OFFICIAL CAPACITY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

1. The Plaintiff, Patricia Wheeles, is a resident of Tallapoosa County, Alabama, and is over the age of 19 years.

2. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331.

3. At the time of the events made the basis of this Complaint, the Plaintiff was at least 55 years old.

4. At the time of the events made the basis of this Complaint, the Plaintiff was employed by Defendant, Nelson's Electric Motor Services, in an office information position.

5. The Defendant, Nelson's Electric Motor Services, is a business located, and doing business in Tallapoosa County, Alabama, and Lee County, Alabama.

6. The Defendant Nelson's Electric Motor Services, at the time of the events



made the basis of this Complaint, employed 23 employees.

7.  The Defendant Gary Nelson, is the owner of Nelson's Electric Motor Services, and at the time of the events made the basis of this Complaint, held this position and was the supervisor of the Plaintiff, Patricia Wheeles, and did commit acts to discriminate against the Plaintiff, including but not limited to, creating a hostile work environment in which the Plaintiff was forced to work in..

8.  The Defendant, Louise Partika, at the time of the events made the basis of this Complaint, was an employee with Nelson's Electric Motor Services, and did commit acts to discriminate against the Plaintiff, including but not limited to, creating a hostile work environment in which the Plaintiff was forced to work in.

9.  The Defendant, Renea Morgan, at the time of the events made the basis of this Complaint, was an employee with Nelson's Electric Motor Services, and did commit acts to discriminate against the Plaintiff, including but not limited to, creating a hostile work environment in which the Plaintiff was forced to work in.

10. The Plaintiff filed a Charge of Discrimination with the EEOC on December 5, 2006. The EEOC mailed its Dismissal and Notice of Rights to the Plaintiff on August 27, 2007.

## COUNT ONE

11. The Plaintiff adopts the statements contained in paragraphs 1 through 10, and incorporates them herein by reference.

12. The Plaintiff, Patricia Wheeles, began her employment at Nelson's Electric Motor Services on or about August of 1999, in an office information position.

13. On or about May 5, 2005, the Plaintiff, Patricia Wheeles, began to be

treated differently and thereafter her job duties were changed.

14. On or about May 5, 2005, a significantly younger female, the Defendant, Renea Morgan, was hired.

15. After the hiring of Defendant Renea Morgan, the Plaintiff's position and job duties were delegated to the Defendant, Renea Morgan, which eventually resulted in the dismissal of the Plaintiff from her employment with the Defendant, Nelson's Electric Motor Services.

16. The Plaintiff's dismissal from her employment with the Defendant, Nelson's Electric Motor Services, was without justification or reason.

17. The Plaintiff's dismissal from her employment with the Defendant Nelson's Electric Motor Services was the result of the Plaintiff being replaced by a younger employee.

18. As a result of the Defendants' actions, the Plaintiff was caused to suffer, and continues to suffer damages, including but not limited to: loss of income, loss of benefits, serious mental anguish and emotional distress.

19. As a result of the Defendants' willful and malicious conduct, the Plaintiff requests compensatory and punitive damages against the Defendants.

## COUNT TWO

20. The Plaintiff adopts the statements contained in paragraphs 1 through 19 and incorporates them herein by reference.

21. The Defendants Gary Nelson and Renea Morgan began an interpersonal relationship being of sexual nature resulting in a hostile work environment for the Plaintiff.

22. As a result of the Defendants Gary Nelson and Renea Morgan's relationship, the Plaintiff was caused to endure ridicule from other employees regarding her religious beliefs.

23. As a result of the Defendants' actions, the Plaintiff was caused to suffer, and continues to suffer damages, including but not limited to: loss of income, loss of benefits, serious mental anguish and emotional distress.

24. As a result of the willful and malicious conduct of the Defendants, the Plaintiff requests compensatory and punitive damages against the Defendants.

## COUNT THREE

25. The Plaintiff adopts the statements contained in paragraphs 1 through 24 and incorporates them herein by reference.

26. The Plaintiff is above the age of 40 years, and was over the age of 40 years at all times relevant to the events made the basis of this Complaint.

27. The Plaintiff was qualified for the job duties in which she was assigned, as can be seen in her length of employment, exemplary employment record, and the company assigning additional job duties to her after she was hired.

28. The Plaintiff was replaced by a substantially younger female, Renea Morgan.

29. The Plaintiff possessed the same or better qualifications as the Defendant Renea Morgan, who was person promoted and/or hired to replace the Plaintiff.

30. The Defendant Renea Morgan, received preferential treatment over the Plaintiff, due to her personal relationship with the Defendant Gary Nelson.

31. The result of the Defendants Gary Nelson and Renea Morgan's personal

relationship was the unlawful dismissal of the Plaintiff from her employment with the Defendant Nelson Electric Motor Services.

32.  As a result of the Defendants' conduct and treatment, the Plaintiff was caused, and continues to be caused, to suffer damages including but not limited to: loss of wages, loss of benefits, serious mental anguish and emotional distress.

33.  As a result of the Defendants' willful and malicious conduct, the Plaintiff requests compensatory and punitive damages against the Defendants.

## COUNT FOUR

34.  The Plaintiff adopts the statements contained in paragraphs 1 through 33 and incorporates them herein by reference.

35.  The Plaintiff was caused to suffer and endure ridicule by the Defendants Louise Partika and Renea Morgan, regarding her personal religious beliefs.

36.  The Defendants Louise Partika and Renea Morgan made commits in the presence of other employees regarding the Plaintiff's religious beliefs, that the Defendant, Nelson Electric Motor Services allowed to continue.

37.  As a result of the Defendants' conduct, the Plaintiff was caused to suffer, and continues to suffer, damages including but not limited to: loss of wages, loss of benefits, serious mental anguish, and emotional distress.

38.  As a result of the Defendants' willful and malicious conduct, the Plaintiff requests compensatory and punitive damages against the Defendants.

## COUNT FIVE

39.  The Plaintiff adopts the statements contained in paragraphs 1 through 38 and incorporates them herein by reference.

40. In June 2006, Defendant Gary Nelson, stated to the Plaintiff that he was going to give Defendant Renea Morgan a 15% raise, and that the Plaintiff would only receive a 10% raise.

41. Later in June 2006, the Defendant, Gary Nelson, again approached the Plaintiff, this time to inform her that if she wished to continue working for Nelson's Electric Motor Service, that she would have to do so at the Opelika Shop.

42. The Plaintiff was told by Defendant Gary Nelson, that she was to begin working at the Opelika Shop no later than August 31, 2006.

43. The Defendant, Gary Nelson, made sure that the Plaintiff was made aware that unlike the male employee Brian Voss, who travels to the Opelika Shop and receives a reimbursement check for gas expenses associated with his travel, that she would not receive any reimbursement for gas, nor would she receive a pay increase other than her 10% raise.

44. In reliance on the aforementioned statements made to the Plaintiff regarding her working at the Opelika Shop, the Plaintiff purchased a more gas efficient vehicle.

45. As a result of the Defendants' conduct the Plaintiff was caused to suffer, and continues to suffer, damages including but not limited to: loss of wages, loss of benefits, serious mental anguish and emotional distress.

46. As a result of the Defendants' willful and malicious conduct, the Plaintiff requests compensatory and punitive damages against the Defendants.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment against the Defendants for compensatory and punitive damages in an amount determined

by an enlightened trier of fact, plus interest and cost, and attorney's fees and costs.

DATED this the ___15___ day of _____Nov._____, 2007.

_____
Derrick Blythe, [BLY 003]
Attorney for Plaintiffs
126 Marshall Street
Alexander City, AL 35010
(256)234-4101

**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001186
Cashier ID: khaynes
Transaction Date: 11/15/2007
Payer Name: DERRICK BLYTHE
------------------------------------
CERTIFICATE OF GOOD STANDING
 For: DERRICK BLYTHE
 Amount:         $15.00
CIVIL FILING FEE
 For: DERRICK BLYTHE
 Case/Party: D-ALM-3-07-CV-001006-001
 Amount:        $350.00
------------------------------------
CASH
 Amt Tendered:  $365.00
------------------------------------
Total Due:      $365.00
Total Tendered: $365.00
Change Amt:       $0.00

PATRICIA   WHEELES V. NELSON'S
ELECTRIC MOTOR SERVICES ET AL
```