## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **PATRICIA WHEELES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CASE NO. 3:07 CV1006-MEF** |
| ) | |
| **NELSON'S ELECTRIC MOTOR** ) | |
| **SERVICES, GARY NELSON,** ) | |
| **individually and in his official** ) | |
| **capacity, LOUISE PARTIKA,** ) | |
| **individually and in her official** ) | |
| **capacity, and RENEA MORGAN,** ) | |
| **individually and in her official** ) | |
| **capacity,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' ANSWER TO COMPLAINT

Come now the Defendants, Nelson's Electric Motor Services, Gary Nelson, Louise Partika and Renea Morgan and answer the Plaintiff, Patricia Wheeles' Complaint as follows:

1.    Defendants, on information and belief, admit the allegations of paragraph 1.

2.    Defendants admit to the jurisdiction of this Court.

3.    Defendants, on information and belief, admit the allegations of paragraph 3.

4.    Defendants admit partially the allegations of paragraph 4 but deny that Plaintiff had a position in an "office information" position.

5.    Defendants admit the allegations of paragraph 5.

6.    Defendants admit the allegations of paragraph 6.

1

7.    Defendants admit that Defendant Gary Nelson is the sole stockholder of Nelson's Electric Motor Services and had the ultimate supervisory responsibility for Plaintiff. Defendants deny the remaining allegations of paragraph 7 and demand strict proof.

8.    Defendants admit that Defendant Louise Partika was an employee of Nelson's Electric Motor Services, but deny the remaining allegations of paragraph 8 and demand strict proof.

9.    Defendants admit that Defendant Renea Morgan was an employee of Nelson's Electric Motor Services, but deny the remaining allegations of paragraph 9 and demand strict proof.

10.    Defendants, on information and belief, partially deny the allegation of paragraph 10 in the EEOC Notice of Charge of Discrimination was dated December 14, 2006 not December 5, 2006. Defendants admit the allegation of paragraph 10 that the date of mailing of the EEOC Dismissal and Notice of Rights to the Plaintiff was August 27, 2007.

<u>COUNT ONE</u>

11.    Defendants reallege and incorporate by reference their responses to paragraphs 1-10 above with the same force and effect as if fully set out in specific detail herein below.

12.    Defendants admit the allegation of paragraph 12 except as to the allegation that Plaintiff's position was an "office information" position.

13.    Defendants deny the allegations of paragraph 13 and demand strict proof.

14.    Defendants admit that Renea Morgan, age 39 at time of employment, was hired by Nelson Electric Motor Services.

15.    Defendants deny the allegations of paragraph 15 and demand strict proof.

16.    Defendants deny the allegations of paragraph 16 and demand strict proof.

2

17.     Defendants deny the allegations of paragraph 17 and demand strict proof.

18.     Defendants deny the allegations of paragraph 18 and demand strict proof.

19.     Defendants deny the allegations of paragraph 19 and demand strict proof.

## COUNT TWO

20.     Defendants reallege and incorporate by reference their responses to paragraphs 1-19 above with the same force and effect as if fully set out in specific detail herein below.

21.     Defendants deny the allegations of paragraph 21 and demand strict proof.

22.     Defendants deny the allegations of paragraph 22 and demand strict proof.

23.     Defendants deny the allegations of paragraph 23 and demand strict proof.

24.     Defendants deny the allegations of paragraph 25 and demand strict proof.

## COUNT THREE

25.     Defendants reallege and incorporate by reference their responses to paragraphs 1-24 above with the same force and effect as if fully set out in specific detail herein below.

26.     Defendants, on information and belief, admit the allegations of paragraph 26.

27.     Defendants deny the allegations of paragraph 27 and demand strict proof.

28.     Defendants deny the allegations of paragraph 28 and demand strict proof.

29.     Defendants deny the allegations of paragraph 29 and demand strict proof.

30.     Defendants deny the allegations of paragraph 30 and demand strict proof.

31.     Defendants deny the allegations of paragraph 31 and demand strict proof.

32.     Defendants deny the allegations of paragraph 32 and demand strict proof.

33.     Defendants deny the allegations of paragraph 33 and demand strict proof.

## COUNT FOUR

34.     Defendants reallege and incorporate by reference their responses to paragraphs 1-33 above with the same force and effect as if fully set out in specific detail herein below.

35.     Defendants deny the allegations of paragraph 35 and demand strict proof.

36.     Defendants deny the allegations of paragraph 36 and demand strict proof.

37.     Defendants deny the allegations of paragraph 37 and demand strict proof.

38.     Defendants deny the allegations of paragraph 38 and demand strict proof.

## COUNT FIVE

39.     Defendants reallege and incorporate by reference their responses to paragraphs 1-38 above with the same force and effect as if fully set out in specific detail herein below.

40.     Defendants deny the allegations of paragraph 40 and demand strict proof.

41.     Defendants admit the allegations of paragraph 41.

42.     Defendants deny the allegations of paragraph 42.

43.     Defendants deny that Defendant Nelson "made sure" that the Plaintiff was made aware that unlike the male employee Brian Voss, that Plaintiff would not receive any reimbursement for gas in that the male employee made deliveries for Defendant Nelson Electric Motor Services utilizing his personal vehicle for the benefit of Defendant Nelson Electric Motor Services.

44.     Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 44 and therefore deny the same.

45.     Defendants deny the allegations of paragraph 45 and demand strict proof.

4

46.     Defendants deny the allegations of paragraph 46 and demand strict proof.

## PLAINTIFF'S DEMAND FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief requested.

## FIRST AFFIRMATIVE DEFENSE

Defendants deny all allegations of the Complaint not specifically admitted herein.

## SECOND AFFIRMATIVE DEFENSE

Defendants aver the Complaint and each count fail to state a cause of action entitling Plaintiff to relief.

## THIRD AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff has been wronged and deny Plaintiff is entitled to any relief.

## FOURTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff did not suffer an illegal adverse employment action.

## FIFTH AFFIRMATIVE DEFENSE

Defendants aver that Defendants Gary Nelson, Louise Partika and Renea Morgan are not the employers of Plaintiff and are not proper parties in this Title VII or Age Discrimination action filed by Plaintiff.  Defendants Gary Nelson, Louise Partika and Renea Morgan cannot be liable in their individual capacity as stated in Plaintiff's Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Defendants aver Plaintiff did not timely file a Charge of Discrimination.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants aver that Plaintiff has not met the preconditions for maintenance of a Title VII or Age Discrimination Employment suit, and specifically claims based upon age, sex or religious discrimination.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants aver this suit is not timely filed.

## NINTH AFFIRMATIVE DEFENSE

All Plaintiff's claim, as alleged in her Complaint, which occurred more than one hundred and eighty (180) days prior to the filing of her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") are barred by the applicable statute of limitations and/or the Plaintiff's failure to comply with the procedures required by 42 U.S.C. § 2000(e).

## TENTH AFFIRMATIVE DEFENSE

Defendants aver Plaintiff cannot pursue any claim that is not "like or related" to the claims raised in her original Charge of Discrimination which is the statutory predicate for those claims.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants affirmatively plead that the Plaintiff's claims are barred in that Plaintiff failed to satisfy the jurisdictional prerequisite for maintenance of any such action.

## TWELVE AFFIRMATIVE DEFENSE

Defendants aver that the only respondent in the EEOC claim was Nelson Electric Motor Services.  Defendants Gary Nelson, Louise Partika and Renea Morgan were not named as respondents and therefore, claims against these individuals are barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants aver Plaintiff's own actions or inactions caused or contributed to any injury or damage hence Plaintiff is barred from recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants aver that all employment decisions were made on a legitimate, non-discriminatory, and permissible basis.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants aver that all employment decisions were based on a reasonable and rational basis.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants plead the statutory cap applicable to each claim made for damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is allowed to seek punitive damages, Defendants aver that any aware of punitive damages in this case would violate the Due Process Clause, equal protection clause, and other provisions of the United States Constitution including, but not limited to, as follows:

a.    Due Process Clause – Fourteenth Amendment to the Constitution of the United States: Punitive damages are vague and not rationally related to legitimate governmental interests.

b.    Sixth Amendment to the Constitution of the United States: Punitive damages are penal in nature and, consequently, the Defendants are entitled to the same procedural safeguards accorded to criminal Defendants.

7

c.      <u>Self-incrimination Clause – Fifth Amendment to the Constitution of the United States</u>:  It violates the right against self-incrimination to impose punitive damages against the Defendants that are penal in nature, yet compel the Defendants to disclose potentially incriminating documents and evidence.

d.      <u>Excessive Fines Clause – Eighth Amendment to the Constitution of the United States</u>:  In the event that any portion of a punitive damages award against the Defendants were to inure to the benefit of any state or governmental or private entity other than the Plaintiff, such aware would violate the excessive fines clause of the Eighth Amendment to the Constitution.

<u>**EIGHTEENTH AFFIRMATIVE DEFENSE**</u>

The individual Defendants cannot be held liable pursuant to Title VII or the Age Discrimination Act.

<u>/s/ William Larkin Radney, III</u>
**WILLIAM LARKIN RADNEY, III (RAD001)**
**Attorney for named Defendants**

**OF COUNSEL:**

BARNES & RADNEY, P.C.
Post Office Drawer 877
Alexander City, Alabama 35011-0877
(256) 329-8438

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **PATRICIA WHEELES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 3:07 CV1006-MEF** |
| | ) | |
| **NELSON'S ELECTRIC MOTOR** | ) | |
| **SERVICES, GARY NELSON,** | ) | |
| **individually and in his official** | ) | |
| **capacity, LOUISE PARTIKA,** | ) | |
| **individually and in her official** | ) | |
| **capacity, and RENEA MORGAN,** | ) | |
| **individually and in her official** | ) | |
| **capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2007, I electronically filed the foregoing Answer to Complaint with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Derrick Blythe
Attorney at Law
126 Marshall Street
Alexander City, Alabama 35010

Respectfully Submitted,


/s/ William Larkin Radney, III
**WILLIAM LARKIN RADNEY, III**
Attorney for Defendants
Barnes & Radney, P.C., Law Firm
80 North Central Avenue
Post Office Drawer 877
Alexander City, Alabama 35011-0877
Telephone:     (256) 329-8438
Facsimile:     (256) 329-0809
Email     :     lradney@bellsouth.net

9