IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PATRICIA WHEELES,⁣ )
)
    Plaintiff, )
)
v. )      Case No. 3:07-cv-1006-TFM
)      [WO]
NELSON'S ELECTRIC MOTOR )
SERVICES, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 19, filed January 23, 2008) and 28 U.S.C. § 636(c).

Pending before the Court is *Defendants' Motion for Summary Judgment* and the brief in support thereof (Docs. 21-22, filed April 2, 2008), *Plaintiff's Response In Opposition to Defendants' Motion for Summary Judgment* (Doc. 24, filed April 22, 2008), and *Defendants' Reply Brief to Plaintiff's Response to Defendants' Motion for Summary Judgment* (Doc. 27, filed April 29, 2008).

### I.  PARTIES

Plaintiff is Patricia Wheeles ("Plaintiff" or "Wheeles") a resident of Tallapoosa County, Alabama, within the Middle District of Alabama.

Defendant Nelson's Electric Motor Services ("Nelson's Electric") is a business

located and doing business in Tallapoosa County and Lee County, Alabama. Defendant Gary Nelson ("Nelson") is the owner of Nelson's Electric and was also Wheeles supervisor at the time of the alleged events. Defendants Louise Partika ("Partika") and Renea Morgan ("Morgan") were an employees with Nelson's Electric at the time of the alleged events. All three individual defendants are being sued in their individual and official capacities. Collectively Nelson's Electric and the individual employees shall be referred to as "Defendants."

## II.   JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1343 (civil rights), 42 U.S.C. § 2000e-5 (Title VII), and 29 U.S.C. § 626 (Age Discrimination and Employment Act). The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## III.   NATURE OF THE CASE/FACTUAL BACKGROUND

The underlying facts of this case are necessarily viewed in favor of the nonmovant plaintiff. Wheeles was employed in an office information position at Nelson's Electric from August 1999 to August 2006. *See* Doc. 1 ¶ 12, Complaint. On or about May 5, 2005 Defendant Morgan was hired. *Id*. at ¶ 14. Defendants Nelson and Morgan allegedly began an interpersonal relationship that caused Wheeles to endure a hostile working environment because of her religious beliefs. *See* Doc. 24 at p. 3 ¶¶ 7-8. After the hiring of Defendant Morgan, Wheeles also avers her position and job duties were delegated to Defendant Morgan

which eventually resulted in her dismissal from Nelson's Electric. *See* Doc. 1 at ¶ 15. Defendants allegedly told Wheeles the company could no longer support three office personnel; however, a third office worker was hired after Wheeles' termination. *See* Doc. 24 at p. 2 ¶ 6. Prior to her termination, Wheeles was allegedly informed she might be moved from the Alexander City shop to the Opelika shop. *Id.* at ¶ 11-12. Instead, she was terminated on August 16, 2006. *See* Doc. 22 at p. 2 ¶ 1.

Wheeles filed her EEOC claim on December 14, 2006.[1]  *See* Doc. 22, Exhibit F, EEOC Notice of Charge of Discrimination. On August 27, 2007, Wheeles received her Right to Sue letter from the EEOC. *See* Doc. 24 Exhibit 1, Dismissal and Notice of Rights. Wheeles filed her complaint on November 15, 2007. *See* Doc. 1. In her Complaint, Wheeles asserts the following claims: (1) termination due to religious discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) a hostile work environment for religious and gender/sex discrimination in violation of Title VII; and (3) termination due to her age in violation of the Age Discrimination and Employment Act ("ADEA"). *See* Docs. 1 and 24. Defendants deny the allegations in their Answer filed December 6, 2007. *See* Doc. 6, Answer.

---

[1]  Plaintiff states the EEOC charge was filed on December 6, 2006 and an EEOC time/date stamp on her statement does reveal it was received by the EEOC on December 6, 2006. However, the date on the front of the of Notice of Charge of Discrimination is December 14, 2006. Regardless, the EEOC charge was timely filed and no further debate on the filing date is necessary.

## IV. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants filed their motion for summary judgment and brief in support on April 2, 2008. *See* Docs. 21-22. In the pending Motion for Summary Judgment, Defendants assert they cannot be held liable as Wheeles cannot establish claims under Title VII and the ADEA. Specifically, Defendants state Title VII and the ADEA do not permit individual liability for discrimination, therefore Defendants Nelson, Partika, and Morgan merit dismissal as a matter of law. Next, Defendants assert Wheeles cannot establish the necessary elements to sustain a Title VII claim for hostile work environment. Finally, Defendants assert Wheeles cannot establish the legal requirements to sustain an ADEA claim for age discrimination. *See* Doc. 22.

Plaintiff timely filed her response on April 22, 2008 to which Defendants replied on April 29, 2008. *See* Docs. 24-25, and 27. The motion was fully submitted as of April 29, 2008.

## V. SUMMARY JUDGEMENT STANDARD

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a) and (b). Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91

L.Ed.2d 202 (1986).  At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Id*. at 249.  Only disputes about the material facts will preclude the granting of summary judgment.  *Id.* at 249.  A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.; *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving party.'").  Thus, the initial burden of proof rests on the movant.  *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554; *Gonzalez*, 161 F.3d at 1294.  This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof. *Celotex*, 477 U.S. at 322-23; 106 S.Ct. at 2552-53.  The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial.  *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (conclusory assertions in absence of supporting evidence are insufficient to withstand summary judgment). The party opposing summary judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim, and my not rest upon the mere allegations or denials of the pleadings. FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511 (citations omitted). Thus, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*, 475 U.S. at 586 106 S.Ct. at 1356 (citations omitted).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the nonmovant. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *Johnson*, 263 F.3d at 1242-43. Further, "all justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S. at 255; 106 S.Ct. at 2513; *see also McCormick*, 333 F.3d at 1243 (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the nonmovant). If the non-moving party fails to make a showing sufficient to establish the existence of an

element essential to its case on which it will bear the burden of proof at trial, summary judgment <u>must</u> be granted.  *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53.  In other words, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case.  *Id*. at 322, 106 S.Ct. at 2552.

## VI.   DISCUSSION AND ANALYSIS

### A.    Individual Liability Under Title VII and ADEA

Defendants assert the individual employees cannot be held liable in their individual capacities as individual capacity lawsuits are disallowed under Title VII.  *See* Doc. 22 at p. 9; Doc. 27 at p. 2.  Wheeles, in her response, avers that under Alabama caselaw an employer is liable for the torts of an employee.  *See* Doc. 24 at p. 5.  Wheeles makes no allegations under Alabama state law in her Complaint, hence the proper standard is under federal law.[2]

---

[2]  The Court notes Plaintiff's complaint does not reference any particular discrimination statute.  There is no explicit mention of Title VII, ADEA, or any other federal discrimination statute.  However, Plaintiff states the Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Typically, more specific pleading is required. *See,e.g., GJR Invests. v. County of Escambia,* 132 F.3d 1359, 1367 (11th Cir. Fla. 1998) ("It simply fails to state an equal protection claim, even without the additional hurdle of the heightened pleading standard. The words "equal protection" do not appear anywhere in the complaint."); *Jarrett v. Alexander,* 235 F. Supp. 2d 1208, 1212 (M.D. Ala. 2002) (dismissing without prejudice the basis of equal protection claims for failure to sufficiently allege the basis of the claims against the individuals).  However, the Court is not concerned about lack of notice to the defendants especially in light of Plaintiff's response to the motion for summary judgment wherein she specifically references Title VII and the ADEA. However, beyond her reference to the general Alabama statute for respondeat superior, there is there is no indication in either her Complaint or her response that Wheeles intended to assert a discrimination claim under Alabama state law.  Further, Wheeles makes no reference to supplemental jurisdiction in her Complaint and therefore the Court will not presume a state law claim has been asserted.  Consequently, any analysis under state law would be inappropriate.

In the Eleventh Circuit, a plaintiff may not bring a Title VII claim against an employer's agent in his individual capacity. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (no individual responsibility under Title VII); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer*, not the individual employees whose actions would constitute a violation of the Act.") (emphasis in original); *see also Cross v. Alabama Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995) (affirming the *Busby* holding after the 1991 amendments to Title VII and holding liability under Title VII is limited to official-capacity actions). Therefore, Wheeles' claims against the individual defendants in their individual capacities warrant dismissal as a matter of law.

A plaintiff may bring a Title VII suit against an individual in his official capacity. *See Cross*, 49 F.3d at 1504. However, when a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action. *See Taylor v. Alabama*, 95 F.Supp.2d 1297, 1309 (M.D. Ala. 2000) (citing *Cross*, 49 F.3d at 1504) (where a Title VII plaintiff names the employer as a defendant, any of the employer's supervisory officials also named in the complaint may be dismissed from the action); *see also Moss v. W & A Cleaners*, 111 F.Supp.2d 1181, 1187 (M.D. Ala. 2000) ("If a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action."). As Wheeles brings her Title VII claim against Nelson's Electric, the Title VII complaints against Defendants Nelson, Partika, and Morgan in their official capacities are redundant and therefore due

dismissal.

As with Title VII, there is no individual liability under the ADEA. *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) (citing *Mason*, 82 F.3d at 1009); *see also Smith v. Lomax*, 45 F.3d 402, 404 n.4 (11th Cir. 1995) (individuals "cannot be held liable under ADEA or Title VII"). Moreover, like Title VII, an official capacity suit is the same as a suit against the employer. "Thus, official capacity suits against employees can be dismissed as redundant where the employer is a properly named defendant in the lawsuit. *Griswold v. Alabama Dep't of Indus. Relations*, 903 F.Supp. 1492, 1497 (M.D. Ala. 1995) (citing *Bahadirli v. Domino's Pizza*, 873 F.Supp. 1528, 1534 (M.D. Ala. 1995)). Since Nelson's Electric is a properly named defendant under the ADEA, the Court dismisses the individual employee defendants.

**B.    Title VII claims**

Under Title VII, it is "an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Wheeles apparently makes several Title VII discrimination claims. First, Wheeles asserts she was terminated because of her religious beliefs. The second and third allegations state Wheeles was subject to a hostile work environment due to her gender and religious beliefs.

i.      **Termination based on religion**

Wheeles appears to assert a discriminatory discharge claim based on her religious beliefs in violation of Title VII.  *See* Doc. 1 at p. 5 ¶¶ 36-37.[3]  With regard to disparate treatment claims under Title VII for improper termination, a plaintiff must prove that the defendant acted with discriminatory purpose.  *Williams v. Motorola, Inc.*, 303 F.3d 1284, 1293 (11th Cir. 2002) (citation omitted).  Specifically, a plaintiff must present either (1) statistical proof of a pattern of discrimination, (2) direct evidence of discrimination, which consists of evidence which, if believed, would prove the existence of discrimination without inference or presumption, or (3) circumstantial evidence of discriminatory intent using the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973).  *See Holifield*, 115 F.3d at 1561-62.  In the case at hand, there is no indication of statistic proof of a pattern of discrimination[4] nor does Wheeles present any direct evidence of discrimination.  "Only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some

---

[3]  As noted in footnote 1, Plaintiff's complaint does not reference which statute is applying to each claim, so the Court can only conclude from these paragraphs that she intended to assert a claim for wrongful termination based on religion.

[4]  Plaintiff makes a general statement in her response to the motion for summary judgment wherein she states "[t]hese were not isolated incidents that should be viewed lightly or dismissed as the Defendants would have this Court do.  Rather, these incidents, when viewed together, show a pattern of discriminatory actions, that resulted in a hostile workplace."  *See* Doc. 24 at p. 8.  It is not the Court's job to riffle through the various documentation to support arguments for counsel nor does the Court have any intention of doing so.  *See Foster v. Mid State Land & Timber Co, Inc.*, 2007 WL 3287345, *11 (M.D. Ala. 2007) (It is not the Court's function to weed through the summary judgment submissions in search of evidence to support [plaintiff's] position.").

impermissible factor constitute direct evidence of discrimination." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) (internal quotations and citations omitted). "If the alleged statement suggests, but does not prove, a discriminatory motive, then it is circumstantial evidence." *Id.* (citations omitted). As a result, this circumstantial evidence case proceeds under the burden-shifting framework of *McDonnell Douglas* and its progeny.

First, under *McDonnell Douglas*, a plaintiff must create an inference of discrimination by establishing a prima facie case. *Williams*, 303 F.3d at 1293. Next, should the plaintiff establish a prima facie case, the burden shifts to the defendant to present legitimate, nondiscriminatory reasons for the employment action. *Holifield*, 115 F.3d at 1564. Although the establishment of a prima facie case shifts the burden of production to the defendant, it does not reallocate the burden of persuasion. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507, 113 S.Ct. 2742, 2747,125 L.Ed.2d 407 (1993) (quoting *Texas Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct.1089, 1093, 67 L.Ed.2d 207 (1981) ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.")). Once defendant has presented a legitimate, nondiscriminatory reason for its action, the burden shifts back to the plaintiff to produce "sufficient evidence to find that the employer's asserted justification is false" and in reality, a pretext for unlawful intentional discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105 (2000). In other words, at the summary judgment stage, the plaintiff may survive by providing a prima facie case and evidence sufficient for a jury to find that the employer's proffered explanation is

false.  *Reeves*, 530 U.S. at 147-48, 120 S.Ct. at 2108-09.

Again, to start the *McDonnell Douglas* analysis, first Plaintiff establishes this prima facie case by showing: (1) she was a member of a protected class; (2) was qualified for the job; (3) suffered an adverse employment action; and (4) was replaced by someone outside the protected class.  *Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768 (11th Cir. 2005) (citing *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824); *Cuddleback v. Florida Bd. of Educ.*, 381 F.3d 1230, 1235 (11th Cir. 2004).  The burden to establish a prima facie case is not intended to be "onerous," but requires only that the plaintiff establish adequate facts to permit an inference of discrimination.  *Holifield*, 115 F.3d at 1562 (citations omitted).

It is undisputed that Wheeles' Christian beliefs would be protected under Title VII, thus the first three elements of the prima facie case are satisfied.  The fourth element is the one in dispute.  There is no evidence before the Court that Wheeles was replaced by someone outside the protected religious class with regard to her termination claim.  Further, it is not entirely clear whether Plaintiff still asserts this claim since she does not specifically reference it in her response to the summary judgment request.  *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the material before it on summary judgment."); *see also Pinto v. Universidad de Puerto Rico*, 895 F.2d 18, 19 (1st Cir. 1990) ("[T]he court is under no duty to exercise imagination and conjure what a plaintiff might have alleged, but did not, and do counsel's work for him or her.").  As Wheeles made no argument relating to the fourth element of the prima facie case, the Court determines she fails

to establish a prima facie case of religious discrimination with regard to her termination. Consequently, no further analysis is required on this claim and Wheeles religious discrimination claim for wrongful termination is due dismissal.

### ii.    Hostile Work Environment Based Upon Gender/Sex

Wheeles occasionally references discrimination and hostile work environment in connection with sex/gender, but there is no clear assertion of a gender/sex based claim. *See* Docs. 1, 24. In her EEOC Notice of Charge of Discrimination, Wheeles did not check the box for "sex" when stating the "circumstances of alleged discrimination." *See* Doc. 22, Exhibit F. She mentions sex in her EEOC Notice when she states "[the] younger employee developed an interpersonal relationship with the owner of [Nelson's Electric], said relationship being of a sexual nature resulting additionally in a hostile work environment and/or sexual harassment." *Id*. at p. 3. To further paraphrase, she alleges she was forced to work in a hostile work environment because other females were treated more favorably due to their personal relationships with the owner and restates her allegation that the younger female had a relationship of a sexual nature with the owner. *Id*. at p. 4. In her Complaint, Wheeles avers the interpersonal sexual relationship between Defendants Morgan and Nelson resulted in a hostile working environment for Wheeles because she was forced "to endure ridicule from other employees regarding her religious beliefs." *See* Doc. 1 at p. 3-4. No further allegations regarding sex or gender were made. From these statements it is unclear to the court whether Plaintiff's asserts a gender discrimination claim or simply uses the statements to bolster her Title VII religious discrimination claim.

To the extent Wheeles seeks to pursue a gender/sex based hostile work environment claim, it appears she failed to exhaust her administrative remedies. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (Before a plaintiff may pursue a Title VII discrimination claim he must exhaust his administrative remedies.). Thus, the plaintiff must file a timely charge of discrimination with the EEOC. *Id*. (citing 42 U.S.C. § 2000e-5(b)). While there is no doubt Wheeles filed a timely EEOC charge, there is some question as to whether she specifically asserted an EEOC claim for gender/sex based hostile work environment. Defendants did not address this argument, thus the Court will not address it further.

The ground for a Title VII sexual harassment claim can be either a tangible employment action or the "creation of a hostile work environment caused by sexual harassment that is sufficiently severe or pervasive to alter the terms and conditions of work." *Reeves v. C.H. Robinson Worldwide, Inc.*, ___ F.3d ___ , 2008 WL 1848882, *3 (11th Cir. April 28, 2008) (quoting *Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1300 (11th Cir. 2007), *cert. denied*, ___ U.S. ___ , 128 S.Ct. 499, 169 L.Ed.2d 341 (2007)). To recover under the hostile work environment theory, a plaintiff must show (1) that she belongs to a protected group, (2) she has been subject to unwelcome sexual harassment, (3) the harassment was based on her membership in a protected group, (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and create an abusive working environment, and (5) a basis for holding the employer liable exists. *Id*.; *Mendonza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc).

When looking at the fourth element, the Courts use both an objective and subjective test. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22, 114 S.Ct. 367, 370-71, 126 L.Ed.2d 295 (1993)). "Thus to be actionable, this behavior must result in both an environment that a reasonable person would find hostile or abusive and an environment that the victim subjectively perceives to be abusive." *Id.* (citation and internal quotations omitted). The factors to consider for the objective severity of the harassment include (1) the frequency of the contact, (2) the severity of the contact, (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance, and (4) whether the conduct unreasonably interferes with the employee's job performance. *Id.* (citing *Allen v. Tyson Foods*, 121 F.3d 642, 647 (11th Cir. 1997)). "Conduct is objectively severe when the workplace is permeated with intimidation, ridicule, and insult." *Id.* at 1276-77.

With regard to any claim for sexual harassment, Wheeles fails to establish her prima facie case because at no time has she demonstrated any sexual conduct was directed at her. Rather, her allegations relate to an alleged sexual relationship between Defendants Nelson and Morgan. The remaining reference to her gender occurs in Wheeles' "Statement of Facts" in her response to the motion for summary judgment. *See* Doc. 24 at p. 3. Wheeles avers she would not be reimbursed for gas when driving to the Opelika office while a male employee was reimbursed. *Id.* (citing Exhibit 2 at p. 55 lines 4-17). A review of the deposition testimony does show she mentions two male employees who may have received some consideration for traveling to Opelika, yet she does not elaborate as to how this relates to

gender discrimination.  Consequently, she fails to show element two of the five elements and her claim for sexual harassment resulting in a hostile work environment is due dismissal.

### iii.    Hostile Work Evironment Based Upon Religion

Wheeles, a Christian, asserts a hostile work environment based on religious discrimination.  The standard for a hostile work environment based upon religious discrimination is the same as the one used for Wheeles' sexual harassment claim.  Wheeles must show (1) that she belongs to a protected group, (2) she has been subject to unwelcome harassment, (3) the harassment was based on her membership in a protected group, (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment and create an abusive working environment, and (5) a basis for holding the employer liable exists.  *Miller*, 277 F.3d at 1275; *see also Rossi v. Troy State University*, 330 F.Supp.2d 1240, 1245 (M.D. Ala. 2002) (applying 5 elements to a religious hostile work environment claim); *Jones v. United States Alliance, L.L.C.*, 170 Fed. Appx. 52, 55 (11th Cir. 2006) (unpublished) (citing *Miller* and five elements in religious discrimination case).  Assuming Wheeles can establish the first, second, third, and fifth prongs of the test, she must still establish the disputed fourth element by showing the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment.

Citing the evidentiary record with appropriate pinpoint references, Defendants argue Wheeles cannot meet her burden to establish element four.  In her limited response, Wheeles states "[t]he Plaintiff has identified several incidents where she was discriminated against while employed with the Defendant's company."  *See* Doc. 24 at p. 8.  However, the only

specific references to the Court about the alleged religious discrimination are incidents related to cursing, some angel earrings, and miscellaneous "Jesus" comments. *See* Doc. 24, Exhibit 2, page 35 line 11 through page 40 line 19. Further, most of these references are actually brought up by Defendants in their own motion and <u>not</u> by the Plaintiff. Rather, the Court can only assume those are the only incidents Wheeles asserts supports her allegation of hostile work environment religious discrimination.

The Supreme Court has noted that "teasing, offhand comments, and isolated incidents" do not constitute discriminatory changes in terms and conditions of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 2284, 141 L.Ed.2d 662 (1998) (citation omitted). In other words, the "standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a general civility code." *Id.* at 788, 118 S.Ct. at 2283-84 (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80, 118 S.Ct.998, 1002, 140 L.Ed.2d 201 (1998)).

Again, when looking at the fourth element, the Courts use both an objective and subjective test. *Miller*, 277 F.3d at 1276 (citing *Harris* 510 U.S. at 21-22, 114 S.Ct. at 370-71). In other words, the objectively reasonable person would find the behavior hostile and/or abusive and created an environment that the plaintiff subjectively perceived to be abusive. *Id.* "Conduct is objectively severe when the workplace is permeated with intimidation, ridicule, and insult." *Id.* at 1276-77. As previously noted, the factors to consider for the objective severity of the harassment include (1) the frequency of the contact, (2) the severity of the contact, (3) whether the conduct is physically threatening or humiliating, or a mere

offensive utterance, and (4) whether the conduct unreasonably interferes with the employee's job performance. *Id*. (citing *Allen v. Tyson Foods*, 121 F.3d 642, 647 (11th Cir. 1997)). The record shows the alleged incidents did not occur on a repeated basis. Beyond a brief mention of Defendant Nelson grabbing her arm when she was packing her personal items after being terminated, there is no indication the alleged conduct was physically threatening. Rather, Wheeles' assertions would, at best, simply be considered slightly insulting. *See McCauley v. White*, 2002 WL 1022037, *6 (E.D. Pa. 2002) (unpublished) (granting summary judgment in favor of employer on employee's hostile work environment claims based on religion; holding "a reasonable non-denominational Christian person would not have experienced altered working conditions as a result of the co-worker's conduct" even though the conduct may have been mocking and offensive, it still did not amount to a hostile environment created by religious discrimination.); *see also Blanton v. Bunch and Assocs., Inc.*, 2006 WL 269981, *13 (M.D. Fla. 2006) (citing *McCauley*) (unpublished). More importantly, Wheeles did not demonstrate that the conduct unreasonably interfered with her job performance. As such, she is unable to meet the objective requirement of element four, and her claim for religious hostile work environment is due dismissal.

**C.     ADEA claims**

The ADEA states it is "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). As with Title VII claims, in proving an age discrimination

claim, "a plaintiff can establish a prima facie case of discrimination through either direct evidence of discrimination or a variation of the four-part test outlined in [*McDonnell Douglas*] for circumstantial evidence." *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999); *see also Schweers v. Montgomery Public Schools*, 511 F.Supp.2d 1128, 1136 (M.D. Ala. 2007) (stating ADEA prima facie case must be shown through direct evidence, circumstantial evidence through *McDonnell Douglas*, and statistical evidence of discrimination).

The Eleventh Circuit has defined direct evidence of discrimination as "evidence which reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Damon*, 196 F.3d at 1358 (quoting *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 641 (11th Cir. 1998)). Thus, "only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age" will constitute direct evidence of discrimination. *Id*. at 1359 (quoting *Earley v. Champion Int'l Corp*. 907 F.2d 1077, 1081-82 (11th Cir. 1990)). Wheeles has not presented any direct evidence of age discrimination nor has she presented any statistical evidence of discriminatory intent. Thus, the Court must turn to the *McDonnell Douglas* analysis. "Initially, the plaintiff must establish a prima facie case of discrimination. The employer then must respond with a legitimate, nondiscriminatory reason for its actions. In order to prevail, the plaintiff must establish that the employer's articulated legitimate, nondiscriminatory reasons was a pretext to mask unlawful discrimination." *Smith v. J. Smith Lanier & Co.*, 352 F.3d 1342, 1344 (11th Cir. 2003) (quoting *Turlington v. Atlanta Gas Light*

*Co.*, 135 F.3d 1428, 1432 (11th Cir. 1998)).

i.    **Wheeles' Burden to Establish Prima facie case**

Under *McDonnell Douglas* and its progeny, to satisfy the four part prima facie requirement Wheeles must again show: (1) that she was a member of the protected group of persons between the ages of forty and seventy; (2) that she was subject to adverse employment action; (3) that a substantially younger person filled the position that she was discharged from; and (4) that she was qualified for the job for which she was rejected. *Damon*, 196 F.3d at 1359 (citing *Turlington*, 135 F.3d at 1432). Wheeles clearly demonstrates she was over the age of forty, she was terminated, and she was qualified for the position for which she held for many years. Thus elements one, two, and four are easily satisfied.

The parties dispute element three of Plaintiff's prima facie case. The establishment of a prima facie case is not meant to be an onerous burden. *See Holifield*, 115 F.3d at 1562. Wheeles avers she was replaced by Defendant Morgan who was thirty-nine when Plaintiff was terminated. *See* Doc. 22 at p. 15; Doc. 24 at p. 10. Therefore, the court will assume Wheeles has established a prima facie case.

ii.    **Defendant's Burden to Show Legitimate Reason for Demotion**

Wheeles prima facie case raises an inference of discrimination, so the burden of production shifts to Defendant Nelson's Electric to articulate a legitimate and nondiscriminatory reason for having terminated Wheeles. *See Smith*, 352 F.3d at 1344; *Schweers*, 511 F.Supp.2d at 1137. The employer's burden is "exceedingly light." *Schweers*,

511 F.Supp.2d at 1137 (quoting *Holifield*, 115 F.3d at 1564). The employer "need only produce evidence that could allow a rational fact finder to conclude that [the employee's] discharge was not made for a discriminatory reason." *Id*. (quoting *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1331 (11th Cir. 1998)).

Nelson's Electric easily meets this burden with its assertions that it was eliminating a position in the Alexander City office and Manager Ricky Lashley would quit if Wheeles was sent to the Opelika shop. *See* Doc. 22 at p. 16; Doc. 22, Exhibit A, Affidavit of Gary Nelson. Nelson's Electric further asserts the majority of Wheeles' job duties were assumed by Defendant Partika who is actually older than Wheeles. *See* Doc. 22 at p. 16, Doc. 22, Exhibit B, Affidavit of Louise Partika.

### iii.    Wheeles' Burden to Show Pretext

At this point, Nelson's Electric has rebutted Wheeles' prima facie case and Wheeles has the burden to prove that the proffered reasons are pretextual for intentionally terminating her because of her age. *See Schweer*, 511 F.Supp.2d at 1137. "Because the plaintiff bears the burden of establishing pretext, [s]he must present 'significantly probative' evidence on the issue to avoid summary judgment." *Young v. Gen. Foods Corp.*, 840 F.2d 825, 829 (11th Cir. 1988). Fed. R. Civ. P. 56(e)(2) states "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial."

In this case, the defendant's proffered legitimate business concerns, including financial concerns from loss of business and an inability to transfer to an alternative location,

as the reason for Wheeles' termination. In her attempt to produce "significantly probative" evidence of pretext, Wheeles asserts, without support, that her working relationship with Ricky Lashley was good. *See* Doc. 24 at p. 11. However, evidence from Ricky Lashley would clearly indicate otherwise. *See* Doc. 22, Exhibit D, Affidavit of Ricky Lashley. Wheeles also avers Nelson's Electric subsequently hired a third person for the Alexander City office which would disprove the business reasons proffered by Defendant. *See* Doc. 24 at p. 11. Instead of bolstering her claim of age discrimination, Wheeles actually damages it because the woman hired was fifty-two (52) years old and hired seven (7) months after Wheeles was terminated. *See* Doc. 27 at p. 4 (citing Doc. 22, Exhibit A). "[C]onclusory allegations of discrimination, without more, are not sufficient to raise an inference of pretext or intentional discrimination where [an employer] has offered . . . extensive evidence of legitimate, non-discriminatory reasons for its actions." *Young*, 840 F.2d at 830 (quoting *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 597 (11th Cir. 1987)); *accord Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *Schweers*, 511 F.Supp.2d at 1138. Wheeles also does nothing to address Defendant's assertion that the majority of the office personal still retained are within the age protected class. An ADEA plaintiff "faces a difficult burden [where] all of the primary players behind [her] termination . . . were well over the age of forty and within the class of persons protected by the ADEA. *Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466, 1471 (11th Cir. 1991); *see also Schweers*, 511 F.Supp.2d at 1138 (quoting *Elrod*). As a result, the Court does not find Wheeles evidentiary assertions to be sufficiently probative of pretext to withstand a motion for summary judgment.

## VII.   CONCLUSION

Pursuant to the foregoing *Memorandum Opinion*, the Court grants *Defendants'*

*Motion for Summary Judgment* (Doc. 21).  An appropriate judgment will be entered.

DONE this 6th day of June, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE